IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 0:14-cv-2346 |
| ) | |
| v. ) | |
| ) | |
| JASON GILBERTSON, ) | |
| EVERETT GILBERTSON, ) | **UNITED STATES' COMPLAINT** |
| BONITA HAMMEL, ) | |
| DISCOVER BANK, ) | |
| CITIBANK (SOUTH DAKOTA) N.A., ) | |
| PALISADES COLLECTION, LLC, and ) | |
| OTTER TAIL COUNTY, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, the United States of America, brings this complaint against the above named defendants to: 1) reduce to judgment the unpaid federal tax liabilities assessed against Jason Gilbertson and Everett Gilbertson, and 2) enforce the federal tax liens by a judicial sale of the real property owned by Jason Gilbertson and Everett Gilbertson in Otter Tail County, Minnesota, and to have the proceeds from the judicial sale distributed to the parties in amounts determined by the Court.

**Jurisdiction and Parties**

1. Under 26 U.S.C. §§ 7401 and 7403, this action has been requested and authorized by the Chief Counsel of the Internal Revenue Service ("IRS") and is brought at the direction of a delegate of the Attorney General of the United States.

2. This Court has jurisdiction over this case under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

3. Venue is proper in the District of Minnesota under 28 U.S.C. §§ 1391(b) and 1396 as this is the district where the federal tax liabilities accrued, where the taxpayers reside, and where the real property at issue lies.

4. Jason Gilbertson resides in Battle Lake, Minnesota, within this judicial district.

5. Everett Gilbertson resides in Battle Lake, Minnesota, within this judicial district.

6. Bonita Hammel resides in Battle Lake, Minnesota, within this judicial district. She is a party under 26 U.S.C. § 7403(b) because she may claim an interest in the real property at issue in this action.

7. Discover Bank is a party under 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this action.

8. Citibank (South Dakota) N.A. is a party under 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this action.

9. Palisades Collection, LLC, is a party under 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this action.

10. Otter Tail County is a party under 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this action.

**Count I: To Reduce Assessments Against Jason Gilbertson to Judgment**

11. The United States repeats the allegations contained in paragraphs 1 through 10 of this Complaint as if fully and separately restated herein.

12. Jason Gilbertson failed to timely file his federal income tax returns for tax years 2001, 2003, 2005, 2007, 2008, and 2009.

13. Jason Gilbertson has never filed a federal income tax return for tax years 2001, 2003, and 2005.

14. On or about February 18, 2014, Jason Gilbertson filed federal income tax returns for tax years 2007, 2008, and 2009. At that time, Jason Gilbertson reported federal income tax owed for 2007, 2008, and 2009 in amounts greater than the amounts the IRS previously assessed against him for years 2007, 2008, and 2009. Thus, the IRS assessed additional federal income tax liabilities for years 2007, 2008, and 2009. (See chart below for amounts assessed). Despite filing federal income tax returns for 2007, 2008, and 2009, Jason failed to pay the reported amount owed.

15. On the dates and in the amounts indicated below, a delegate of the Secretary of the Treasury timely made assessments against Jason Gilbertson for unpaid federal income taxes, interest, and statutory additions to tax, and caused Notices of Federal Tax Lien to be filed as follows:

| Year | Assessed Tax | Assessed Penalties and Assessed Interest | Date of Assessment | Balance Due as of May 31, 2014* | Notice of Federal Tax Lien Filing Date and Location |
|---|---|---|---|---|---|
| 2001 | $ 9,094.00 | $ 359.88$^1$<br>$ 2,046.15$^2$<br>$ 1,334.40$^3$<br>$ 1,227.69$^4$<br>$ 39.00$^5$ | 07/05/2004<br>07/05/2004<br>07/05/2004<br>07/05/2004<br>08/01/2005 | $ 23,990.93 | 7/13/2005, Otter Tail County |
| 2003 | $ 3,314.00 | $ 613.09$^4$<br>$ 745.65$^2$<br>$ 1,103.29$^3$<br>$ 1,407.46$^3$<br>$ 280.10$^6$ | 11/26/2007<br>11/26/2007<br>11/26/2007<br>03/04/2013<br>03/25/2013 | $ 14,858.93 | 1/18/2013, Otter Tail County |
| 2005 | $ 5,166.00 | $ 207.23$^1$<br>$ 1,162.35$^2$<br>$ 1,173.25$^3$<br>$ 723.24$^4$ | 07/21/2008<br>07/21/2008<br>07/21/2008<br>07/21/2008 | $ 11,019.32 | 3/13/2009, Otter Tail County |

3

| Year | Assessed Tax | Assessed Penalties and Assessed Interest | Date of Assessment | Balance Due as of May 31, 2014* | Notice of Federal Tax Lien Filing Date and Location |
|---|---|---|---|---|---|
| 2007 | $ 5,293.00 | $    100.00$^2$<br>$      19.81$^3$<br>$      11.34$^4$<br>$      25.00 | 06/28/2010<br>06/28/2010<br>06/28/2010<br>04/14/2014 | $       285.85 | 1/18/2013, Otter Tail County |
| 2008 | $ 3,690.00 | $    203.40$^2$<br>$    120.26$^3$<br>$    149.16$^4$<br>$      26.00$^1$<br>$    225.00 | 12/26/2011<br>12/26/2011<br>12/26/2011<br>04/14/2014<br>04/14/2014 | $       901.80 | 1/18/2013, Otter Tail County |
| 2009 | $ 4,491.00 | $    135.00$^2$<br>$      42.29$^3$<br>$      52.91$^4$<br>$      95.59$^4$<br>$      30.00$^2$<br>$    253.00 | 05/21/2012<br>05/21/2012<br>05/21/2012<br>04/21/2014<br>04/21/2014<br>04/21/2014 | $    1,097.21 | 1/18/2013, Otter Tail County |
| 2012 | $12,219.00 | $    153.00$^1$<br>$ 2,749.27$^2$<br>$    733.14$^4$<br>$    436.83$^3$ | 03/31/2014<br>03/31/2014 | $ 16,556.40 | None |
| | | | TOTAL: | $ 74,400.79 | |

\*  Amount owed as of May 31, 2014 including accrued but unassessed interest and subtracting payments made.
1.   Penalty for not pre-paying tax
2.   Penalty for filing return after due date
3.   Interest
4.   Penalty for late payment
5.   Expenses for collection
6.   Penalty for bad check

16.   On the dates and in the amounts indicated below, a delegate of the Secretary of

the Treasury timely made assessments against Jason Gilbertson of civil penalties under 26 U.S.C.

§ 6702 based on his filing of a frivolous tax return as follows:

4

| Year | Assessed Tax | Assessed Penalties and Assessed Interest | Date of Assessment | Balance Due as of May 31, 2014* | Notice of Federal Tax Lien Filing Date and Location |
|---|---|---|---|---|---|
| 1998 | $ 5,000.00 | N/A | 06/14/2010 | $ 5,690.35 | 1/18/2013, Otter Tail County |

\*   Amount owed as of May 31, 2014 including accrued but unassessed interest and subtracting payments made.

17.   A delegate of the Secretary of the Treasury gave timely notice of each assessment described in paragraphs 15 and 16 to Jason Gilbertson and made demand for payment of them.

18.   Jason Gilbertson neglected, failed, and refused to fully pay the assessed tax liabilities described in paragraphs 15 and 16 and therefore remains indebted to the United States for the unpaid balance plus statutory additions and interest accruing from the dates of assessment.

19.   As a result of Jason Gilbertson's failure to satisfy the assessments described in paragraphs 15 and 16, federal tax liens arose on the dates of those assessments under 26 U.S.C. §§ 6321 and 6322 and attach to all property and rights to property of Jason Gilbertson then owned or thereafter acquired.

WHEREFORE, the United States respectfully requests Judgment that Jason Gilbertson is liable to the United States for unpaid federal income taxes in the amount of $74,400.79, and unpaid civil penalties in the amount of $5,690.35 plus statutory additions and interest accruing after May 31, 2014, until paid, as provided by 26 U.S.C. §§ 6601 and 6621.

**Count II: To Reduce Assessments Against Everett Gilbertson to Judgment**

20.   The United States repeats the allegations contained in paragraphs 1 through 19 of this Complaint as if fully and separately restated herein.

21.     Everett Gilbertson failed to timely file his federal income tax returns for tax years 2006, 2007, 2008, and 2009.

22.     On the dates and in the amounts indicated below, a delegate of the Secretary of the Treasury timely made assessments against Everett Gilbertson for unpaid federal income taxes, interest, and statutory additions to tax, and caused Notices of Federal Tax Lien to be filed as follows:

| Year | Assessed Tax | Assessed Penalties and Assessed Interest | Date of Assessment | Balance Due as of May 31, 2014* | First Notice of Federal Tax Lien Filing Date and Location |
|---|---|---|---|---|---|
| 2006 | $ 2,177.00 | $ 103.01[1]<br>$ 489.83[2]<br>$ 402.82[3]<br>$ 293.89[4]<br>$ 239.47[4]<br>$ 10.88[4]<br>$ 394.22[3] | 07/13/2009<br>07/13/2009<br>07/13/2009<br>07/13/2009<br>06/28/2010<br>06/27/2011<br>06/11/2012 | $ 3,185.26 | 2/22/2013, Otter Tail County |
| 2007 | $ 1,780.00 | $ 400.50[2]<br>$ 234.59[3]<br>$ 240.30[4]<br>$ 204.70[4] | 06/28/2010<br>06/28/2010<br>06/28/2010<br>06/27/2011 | $ 3,241.45 | 2/22/2013, Otter Tail County |
| 2008 | $ 2,108.00 | $ 474.30[2]<br>$ 280.42[3]<br>$ 347.82[4] | 12/26/2011<br>12/26/2011<br>12/26/2011 | $ 2,901.89 | 2/22/2013, Otter Tail County |
| 2009 | $ 1,746.00 | $ 391.73[2]<br>$ 241.59[3]<br>$ 339.49[4]<br>$ 92.00[5] | 06/17/2013<br>06/17/2013<br>06/17/2013<br>08/05/2013 | $ 2,982.59 | 7/12/2013, Otter Tail County |
| | | | TOTAL: | $ 12,311.19 | |

\*   Amount owed as of May 31, 2014 including accrued but unassessed interest and subtracting payments made.
1.   Penalty for not pre-paying tax
2.   Penalty for filing return after due date
3.   Interest
4.   Penalty for late payment
5.   Expenses for collection

6

23.     On the dates and in the amounts indicated below, a delegate of the Secretary of the Treasury timely made assessments against Everett Gilbertson of civil penalties under 26 U.S.C. § 6702 based on his filing of frivolous tax returns as follows:

| Year | Assessed Tax | Assessed Penalties and Assessed Interest | Date of Assessment | Balance Due as of May 31, 2014* | First Notice of Federal Tax Lien Filing Date and Location |
|---|---|---|---|---|---|
| 1991 | $ 5,000.00 | N/A | 07/27/2009 | $ 1,179.40 | 2/22/2013, Otter Tail County |
| 1992 | $ 5,000.00 | N/A | 08/16/2010 | $ 5,651.22 | 2/22/2013, Otter Tail County |
| | | | TOTAL: | $ 6,830.62 | |

\*   Amount owed as of May 31, 2014 including accrued but unassessed interest and subtracting payments made.

24.     A delegate of the Secretary of the Treasury gave timely notice of each assessment described in paragraphs 22 and 23 to Everett Gilbertson and made demand for payment of them.

25.     Everett Gilbertson neglected, failed, and refused to fully pay the assessed tax liabilities described in paragraphs 22 and 23 and therefore remains indebted to the United States for the unpaid balance plus statutory additions and interest accruing from the dates of assessment.

26.     As a result of Everett Gilbertson's failure to satisfy the assessments described in paragraphs 22 and 23, federal tax liens arose on the dates of those assessments under 26 U.S.C. §§ 6321 and 6322 and attach to all property and rights to property of Everett Gilbertson then owned or thereafter acquired.

WHEREFORE, the United States respectfully requests Judgment that Everett Gilbertson is liable to the United States for unpaid federal income taxes in the amount of $12,311.19, and unpaid civil penalties in the amount of $6,830.62 plus statutory additions and interest accruing after May 31, 2014, until paid, as provided by 26 U.S.C. §§ 6601 and 6621.

### Count III: To Enforce the Federal Tax Liens

27. The United States repeats the allegations contained in paragraphs 1 through 26 of this Complaint as if fully and separately restated herein.

28. The United States seeks to enforce its federal tax liens, as described in paragraphs 19 and 26 above, by a judicial sale of the real property in which Jason Gilbertson and Everett Gilbertson have an ownership interest. The subject real property is located at 15546 County Highway 81, Battle Lake, Minnesota, with the following legal description:

> The South Half of the Southeast Quarter (S1/2SE1/4) of Section Thirty-four (34), Township One Hundred Thirty-two (132), Range Forty (40), except the North 8.5 rods of the East 11.0 rods of the South 17.0 rods thereof.

**A. Federal Tax Liens Against Jason Gilbertson and Everett Gilbertson**

29. Federal tax liens against Jason Gilbertson arose on the dates of assessment of tax described in paragraphs 15 and 16. Those federal tax liens arose under 26 U.S.C. §§ 6321 and 6322 and attach to all property and rights to property of Jason Gilbertson, including the real property described in paragraph 28.

30. Federal tax liens arose against Everett Gilbertson on the dates of assessment of tax described in paragraphs 22 and 23. Those federal tax liens arose under 26 U.S.C. §§ 6321 and 6322 and attach to all property and rights to property of Everett Gilbertson, including the real property described in paragraph 28.

31. Notices of the federal tax liens relating to the tax liabilities of Jason Gilbertson and Everett Gilbertson were filed on the dates and in the County listed in paragraphs 15, 16, 22, and 23 in accordance with 26 U.S.C. § 6323(f).

### B. Interests in the Subject Property

32. On March 13, 1989, Bonita Hammel and Everett Gilbertson acquired the property described in paragraph 28 as tenants in common. At that time, the property was encumbered by a life estate in the favor of both Clifford F. Gilbertson and Grace R. Gilbertson.

33. Neither Clifford nor Grace Gilbertson is currently alive. Thus, their respective life estates in the subject property have been extinguished.

34. On November 1, 2001, Bonita Hammel entered into a contract for deed with Jason Gilbertson to sell her half of the subject property. The terms of the contract required Jason Gilbertson to pay the purchase price plus interest over fifteen (15) years and that upon completion of those payments, Bonita Hammel would provide a quit claim deed to Jason Gilbertson relating to her ownership interest in the subject property.

35. Jason Gilbertson has complied with the terms of the contract for deed described in paragraph 34. The balance remaining on the contract for deed, including interest, does not exceed $16,000.

36. Jason Gilbertson obtained equitable title to the subject property at the time the contract for deed was executed.

37. Bonita Hammel may retain a vendor's lien in the subject property for the amount of the unpaid purchase price.

38. The United States has an additional interest in the property pursuant to a judgment lien filed against Everett Gilbertson on June 16, 1997.

39. Discover Bank may claim an interest in the subject property pursuant to a judgment recorded against Everett Gilbertson on November 10, 2003.

40. Citibank (South Dakota) N.A., may claim an interest in the subject property pursuant to a judgment recorded against Everett Gilbertson on July 19, 2004.

41. Palisades Collection, LLC, may claim an interest in the subject property pursuant to a judgment recorded against Everett Gilbertson on December 2, 2008.

42. Otter Tail County may claim an interest in the subject property due to real estate taxes related to the subject property.

43. Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the subject property to enforce its federal tax liens.

**WHEREFORE**, Plaintiff, the United States, respectfully requests the following relief:

A. A determination and declaration of judgment that the federal tax liens identified above attach to all property and rights to property of Jason Gilbertson and Everett Gilbertson, including the subject real property;

B. A decree that the federal tax liens be enforced by a judicial sale of the subject real property, according to law, free and clear of any right, title, lien, claim or interest of any of the above-named defendants, and that the proceeds of the sale be distributed to such parties in such amounts as this Court determines;

C. That this Court award the United States its costs and all such other relief as is just and equitable.

Dated: June 27, 2014

    Respectfully submitted,

    ANDREW M. LUGER
    United States Attorney

    TAMARA W. ASHFORD
    Acting Assistant Attorney General


    *s/ Natalie T. Sexsmith*
    NATALIE T. SEXSMITH (NJ 037132006)
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 7238
    Washington, D.C.  20044
    202-307-2251 (v)
    202-514-6770 (f)
    Natalie.T.Sexsmith@usdoj.gov